for determining such assessments. This rule is found in section 141-504. The tax commission cannot deviate from this specific rule. Under this system the assessment is mathematically deduced from facts submitted to it by the officers of the bank. No other elements can be considered except those specifically provided by the statute. Impairment of capital is not an item to be considered. Though the impairment was found by the bank examiner before the date when the return required by section 141-504 is to be filed, yet the capital and surplus was not adjusted by appellee accordingly. Had the adjustment been made, then the impairment would have been reflected in the capital structure. To permit a daily adjustment of impairment or addition to the capital structure would be unreasonable. A "yard-stick" has been set by the Legislature to determine the method of assessing shares of bank stock. It is not a daily average value. The value must be determined from the return made by the officers of the bank. This return must be made before January 15th in each year. Though the statute is not specific, yet is sufficient to indicate that the capital structure as of December 31st is the accepted set-up. It is from this return that the mathematical computation is made and then certified to the local assessor as required by section 141-502. The method provided is fair and not arbitrary, and is a valuation on a fair basis of all property of the same class and does not contravene the Constitution of New Mexico.

For the reasons given, the appellant's demurrer should have been sustained, the judgment of the district court will be therefore reversed and the cause remanded to the district court, with instructions to dismiss the appellee's petition below and to enter judgment for appellant in accordance with this opinion, and for appellant's costs.

It is so ordered.

SADLER, C. J., and BICKLEY and BRICE, JJ., concur.

HUDSPETH, J., did not participate.

59 P.(2d) 670

In the Matter of the FIRST NATIONAL BANK OF TUCUMCARI, NEW MEXICO, Appellee, v. STATE TAX COMMISSION, Appellant.

No. 4142.

Supreme Court of New Mexico.

June 25, 1936.

A. M. Fernandez, of Santa Fé, for appellant.

E. R. Wright, of Santa Fé, for appellee.

ZINN, Justice.

This is a companion case to No. 4141, First State Bank of Mountainair v. State Tax Commission, 40 N.M. 319, 59 P.(2d) 667, in which an opinion of this court was

handed down today. The only difference between this case and No. 4141, is in the amounts going to make up the capital structure of appellee here and appellee in said case. The points of law involved being identical.

For the reasons set forth in said cause No. 4141, the judgment of the district court herein will be reversed, the cause to be remanded, with instructions to dismiss the appellee's petition below and to enter judgment for appellant, and for costs.

It is so ordered.

SADLER, C. J., and BICKLEY and BRICE, JJ., concur.

HUDSPETH, J., did not participate.

**59 P.(2d) 670**

In the Matter of the **FIRST NATIONAL BANK OF SANTA ROSA, NEW MEXICO,** Appellee, v. **STATE TAX COMMISSION,** Appellant.

**No. 4143.**

Supreme Court of New Mexico.

June 25, 1936.

A. M. Fernandez, of Santa Fé, for appellant.

E. R. Wright, of Santa Fé, for appellee.

ZINN, Justice.

This is a companion case to No. 4141, First State Bank of Mountainair v. State Tax Commission, 40 N.M. 319, 59 P.(2d) 667, in which an opinion of this court was handed down today. The only difference between this case and No. 4141, is in the amounts going to make up the capital structure of appellee here and appellee in said case; the points of law involved being identical.

For the reasons set forth in said cause No. 4141, the judgment of the district court herein will be reversed, the cause to be remanded, with instructions to dismiss the appellee's petition below and to enter judgment for appellant, and for costs.

It is so ordered.

SADLER, C. J., and BICKLEY and BRICE, JJ., concur.

HUDSPETH, J., did not participate.