59 P.(2d) 667

**FIRST STATE BANK OF MOUNTAINAIR v. STATE TAX COMMISSION.**

No. 4141.

Supreme Court of New Mexico.

June 25, 1936.

A. M. Fernandez, of Santa Fé, for appellant.

E. R. Wright, of Santa Fé, for appellee.

ZINN, Justice.

[1] Appellee sought a correction of its taxes, proceeding under the provisions of Comp.St.1929 § 141-306. Appellee is a state banking corporation, having a capital stock of $25,000 and a surplus of $5,000. As required by the provisions of Comp.St. 1929 § 141-504, appellee made its return to the state tax commission. Said section 141-504 provides in substance the method of valuing shares of bank stock. The tax in question is assessed against the shareholder, and not against the bank. State v. State Trust & Savings Bank, 31 N.M. 282, 245 P. 253. The bank is merely paymaster for its stockholders.

The method of determining the assessment is as follows: The officers of the bank are required to file a report showing the amount and number of shares of capital

stock, the amount of surplus or reserve fund, undivided profits, and the amount of its legally authorized investment in real estate. The tax commission is directed to deduct the bank's investment in real estate from the aggregate amount of such capital, surplus, reserve fund, or undivided profits, and the remainder is taken as the basis of the valuation of such shares in the hands of stockholders. It is then provided that the amount carried by any bank as surplus, up to an amount equal to 50 per cent. of the capital stock of the bank, shall not be considered as adding anything to the actual value of such capital stock.

In the instant case, the appellee's surplus of $5,000 would not be considered as adding to the value of the capital stock. Owning real estate in the amount of $7,886, such amount is also deducted from the capital amount, thereby leaving an ascertained value of $17,114, at which amount the assessment is shown on the rolls.

The appellee claims that this amount is excessive and erroneous because an examination of the bank made by the state bank examiner on the 25th day of November, 1933, showed the capital stock of the bank to be impaired to the extent of $14,339. Appellee asserts that the tax commission should credit against such impairment first the $5,000 surplus, and deduct the remainder of $9,490.31 from the sum of $17,114, being the capital amount less the real estate investment, which would leave the amount upon which the assessment could be based at $7,623.69.

To this petition the appellant demurred, urging, among other theories, that section 141-504 definitely sets out all the elements which are to be considered in valuing shares of stock, and inasmuch as the statute fails to make any provision for taking into account any impairment of capital in arriving at the valuation thereof, the tax commission was without power to assess shares of stock in a banking corporation in any other manner than by the "yard-stick" set out in said section 141-504. The court reserved ruling on the demurrer, and the appellee introduced testimony in support of the allegations in its petition. At the close of appellee's case, the appellant again demurred upon the same grounds, and the court overruled the demurrer, made findings of fact (generally following the allegations of the petition), and entered judgment for appellee commanding a correction of the tax rolls of Torrance county by striking the assessment against the petitioner as originally valued in the sum of .$17,114, and to insert in lieu thereof the sum of $8,725.94, which latter item is the total of $7,623.69 plus a recoverable value of 25 per cent. of the amount of the claimed impairment, or $1,102.25.

From this order and judgment the case is here for review on appeal.

Three grounds of error are alleged by appellant. Each would be determinative of the case if decided against appellee. We deem the proposition as to whether the state tax commission can use any method of evaluating shares of bank stock other

than that provided by section 141-504, and whether such statute is constitutional, of such vital importance to the state of New Mexico that we prefer to settle this question rather than either of the other points.

The appellee contends that the owner of bank stock is entitled to the full protection of article 8, § 1, N.M.Const., and that his shares of stock cannot be assessed for more than their true value, whether such true value be called actual value, cash value, or simply value of the shares. It is the contention of the appellee that the phrase "subject to the provisions of law requiring all property to be assessed at its true and full value," as found in section 141-504, is a qualification upon the method prescribed for assessing bank stock so that shares of bank stock cannot be assessed in any manner, upon complaint of an owner of bank stock, except at their actual value.

At the outset we must admit that the owner of shares of bank stock, like any other property owner, is entitled to the protection of the Constitution. Article 8, § 1, reads as follows: "Taxes levied upon tangible property shall be in proportion to the value thereof, and taxes shall be equal and uniform upon subjects of taxation of the same class."

The appellee does not question the power of the state to tax shares of bank stock. Neither is it questioned that shares of bank stock are intangible property.

The appellee here does not complain that it is being discriminated against, or that the action of the tax commission is capricious or malicious. Appellee takes the position that it was as much the duty of the tax commission to consider the undivided profit item, whether this item showed a profit of $10,000, whether it showed a profit of $1,000, or whether, on the other hand, it showed a loss of $10,000. Appellee argues that it was the duty of the tax commission to consider the loss as much as it was their duty to consider the gains in determining the true and full value of stock.

Shares of bank stock under section 141-504 are not taxed in proportion to their value. In the first place, there is a deduction from the value of the capital for the purpose of taxation of the assessed value of the real estate in which part of the capital of the bank is invested. The capital stock of the bank and the shares into which such stock may be divided, and held by individual shareholders, are two distinct pieces of property. The real estate owned by the bank is a part of the capital stock of the bank. The shareholder has no constitutional right to have the value of the real estate which goes to make up the true value of his stock deducted from the capital structure. 26 R.C.L. 184, § 155. See, also, In re First National Bank of Hillsboro, 25 N.D. 635, 146 N.W. 1064, L.R.A.1915C, 386, and note. It is only by statute, as here, a deduction of the value of the real estate owned by the bank is allowed to determine the value of the shares of stock owned by the individual. If true value be the criterion for assessing shares of stock owned by the individual stock-

holder, then the allowed deduction of surplus up to 50 per cent. of the capital would not be accepted, because clearly the capital, surplus, good will, continuity of dividend payments over many years, reputation, monopoly of a field, and many other intangible elements of value would enter into a determination of the value of the shares of stock owned by individuals in a corporation.

The appellee merely contends that because in the instant case the bank examiner found an impairment in the capital, that such impairment so found is binding upon the tax commission, the appellant, who should first be required to deduct from the impairment so found the amount of the surplus, and then the remainder to be deducted, not from the capital value, but from the capital amount less the amount invested in real estate.

The contention of appellee is unsound. If capital impairment is to be considered in determining value, so then should the surplus and real estate value be added to the capital value, as well as other intangible values, in arriving at the true value of the shares of bank stock. If the former is to be deducted, then the latter is to be added.

However, article 8, § 1, relates to tangible property and not to intangible property. As before stated, shares of bank stock are intangibles. Section 141-504 provides a uniform method of taxing shares of bank stock owned by individuals. We do not deem it essential to a determination of the question before us to go into a complete history of the legislation respecting the method provided by the Legislature to assess shares of bank stock. An identical method of determining such values has been part of our statutory law since 1891. The appellee does not question the fairness of the statute as a rule. Appellee merely seeks to have the court become the assessor in the instant case and to provide a different method of valuing his property than that pointed out by the Legislature. Taxation is a legislative function without any limitation except such as is imposed by constitutional provisions. The state tax commission is the administrative body which has been designated by the Legislature to secure uniformity throughout the state on property of certain classes, to act for the state in making certain assessments. The Legislature has taken from the local assessors the right to determine the valuation of certain property. For example, railroad, telegraph, telephone, and transmission or pipe line company property are assessed by the tax commission. Also shares of the capital stock of all banks, trust, and mortgage loan companies. Also mineral property; the shares of mutual building and loan associations and savings and loan associations. Comp.St.1929 § 141-502. The Legislature also vested in the tax commission the power to determine and fix the actual valuations of the different classes of grazing lands and live stock. Comp.St.1929 § 141-510.

As to shares of bank stock, the Legislature provided a mathematical rule

for determining such assessments. This rule is found in section 141-504. The tax commission cannot deviate from this specific rule. Under this system the assessment is mathematically deduced from facts submitted to it by the officers of the bank. No other elements can be considered except those specifically provided by the statute. Impairment of capital is not an item to be considered. Though the impairment was found by the bank examiner before the date when the return required by section 141-504 is to be filed, yet the capital and surplus was not adjusted by appellee accordingly. Had the adjustment been made, then the impairment would have been reflected in the capital structure. To permit a daily adjustment of impairment or addition to the capital structure would be unreasonable. A "yard-stick" has been set by the Legislature to determine the method of assessing shares of bank stock. It is not a daily average value. The value must be determined from the return made by the officers of the bank. This return must be made before January 15th in each year. Though the statute is not specific, yet is sufficient to indicate that the capital structure as of December 31st is the accepted set-up. It is from this return that the mathematical computation is made and then certified to the local assessor as required by section 141-502. The method provided is fair and not arbitrary, and is a valuation on a fair basis of all property of the same class and does not contravene the Constitution of New Mexico.

For the reasons given, the appellant's demurrer should have been sustained, the judgment of the district court will be therefore reversed and the cause remanded to the district court, with instructions to dismiss the appellee's petition below and to enter judgment for appellant in accordance with this opinion, and for appellant's costs.

It is so ordered.

SADLER, C. J., and BICKLEY and BRICE, JJ., concur.

HUDSPETH, J., did not participate.